



## MEMORANDUM OPINION

No. 04-10-00372-CR

Matthew **GAITHER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR8848B
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  August 17, 2011

AFFIRMED

A jury found appellant, Matthew Gaither, guilty of aggravated kidnapping and aggravated sexual assault and assessed punishment at thirty years' confinement and a $10,000 fine on each count. In two issues on appeal, appellant challenges the sufficiency of the evidence in support of the verdict. We affirm.

**DISCUSSION**

A person commits the offense of aggravated sexual assault if the person "intentionally or knowingly . . . causes the penetration of the . . . sexual organ of another person by any means, without that person's consent . . . ." TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i) (West 2011). A person commits the offense of aggravated kidnapping if the person "intentionally or knowingly abducts another person with the intent to . . . inflict bodily injury on [her] or violate or abuse [her] sexually; . . . [or] terrorize [her] or a third person . . . ." *Id.* § 20.04(a)(4), (5).

On appeal, appellant asserts the State did not prove he was the individual who sexually assaulted the complainant; instead, appellant contends his brother was the perpetrator. Appellant also asserts that because he did not transport the complainant to the duplex where she was held and assaulted and because he was not the person who sexually assaulted the complainant, the evidence is legally insufficient to support his conviction for aggravated kidnapping. In a sufficiency challenge to the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010). We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.* at 899.

The complainant testified she had a relationship with appellant's brother Kirk before she had any relationship with appellant. After she and appellant began dating, Kirk began a relationship with Lakeshia Huff. According to the complainant, Kirk became meaner and more aggressive when Lakeshia was around, and Lakeshia "pick[ed] on" the complainant, threatened to beat her "ass," and would argue and fight with her. The complainant said that, on July 13,

2008, she and appellant drove in Kirk's white Cadillac to an apartment complex, where she waited inside the car while appellant went into an apartment. After tiring of waiting for his return, the complainant drove away in Kirk's car.

The complainant drove to the home of David Jones ("Petey") because she wanted to use his telephone to call Kirk, but Petey refused. A short time later, appellant, Kirk, and Lakeshia arrived at Petey's house. The complainant said Kirk and Lakeshia got out of the Mercedes in which all three arrived and began to beat her. She said appellant did not beat her, but instead, he drove away in the Cadillac. Kirk and Lakeshia then got the complainant into the Mercedes and drove her to a duplex, where appellant was already present. Kirk and Lakeshia continued to beat the complainant, but, after a while, they left the duplex. Appellant then strapped the complainant to a chair and he would not allow her to lose consciousness. She said appellant pulled out two of her teeth with pliers, burned her with a spoon heated on the stove, and inserted what she thought was a broomstick into her vagina. The next morning, while appellant slept, the complainant untied herself and left the duplex, where she was helped by a woman and her husband who called the police.

When the police arrived, appellant was standing in front of the duplex. A police officer asked appellant what happened, and appellant pointed to the complainant and said "she got beat up." The officer testified the complainant told him that appellant "did it." He said the complainant was bruised and bleeding and she was yelling "keep him [appellant] away from me . . . he is one of them." The officer described the complainant as badly injured and "her mind-set wasn't correct at the time as far as just being frantic and being hysterical." The complainant was taken by EMS to a hospital, but she could not remember what happened once there.

When asked if he knew anything about what happened to the complainant, appellant said he did not. Appellant told the police he had just arrived at the duplex and he had spent the night somewhere else, although he said he did not know where he stayed. Appellant gave the police permission to look inside his duplex and, having stated he spent the night elsewhere and knew nothing about what happened to the complainant, appellant showed no surprise at what he and the police officer saw inside his duplex—blood on the floor and a wall, a hole in the wall, a pair of pliers and a tooth, another tooth on the television set, and a chair with straps that were similar to the strap still attached to the complainant's leg. Appellant denied knowing the complainant.

Because the condition of the duplex was consistent with what the complainant told the police, appellant was arrested at the scene. Known DNA samples were neither submitted nor compared from Kirk, Lakeshia, or appellant. However, the investigating police officer explained he would not normally obtain DNA samples from suspects if the complainant was sexually assaulted with a wooden stick, as in this case. No other physical evidence linked appellant to the crime. However, the physical evidence that was collected at the scene and the condition of the duplex all corroborated the complainant's version of events.

On appeal, appellant argues Kirk and Lakeshia were the only individuals seen beating the complainant and the complainant gave several versions of the kidnapping and assault. According to appellant, this case turns on whether the complainant "in her state of shock, trauma, and under the influence of drugs, could properly identify" him as the perpetrator. Apparently, the jury believed that she could. The complainant said she had known both Kirk and appellant for about a year before the kidnapping and assault and she could tell the difference between the two men. Although she admitted her memory was blurry when she escaped and she could not

remember what appellant was wearing when he assaulted her, she did not hesitate to identify appellant as the person who tied her to the chair and assaulted her.

## CONCLUSION

We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. Based on our review of all the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found the essential elements of the charged offenses beyond a reasonable doubt. Therefore, we overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish